UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HERRERA-RAMOS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-01400 BLF (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND DISMISSAL WITH LEAVE TO AMEND** |

　　　　Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the CDCR, Officer Orosco (a transportation officer), John Doe officers, and Warden J. Lewis at Richard J. Donovan Correctional Facility ("RJD") in San Diego, where he is currently confined. Dkt. No. 1 at 13-14. This matter was reassigned to the undersigned on February 27, 2025. Dkt. No. 7. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

**A.　　Standard of Review**

　　　　A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.   Plaintiff's Claims

Plaintiff alleges that on or about August 21, 2024, he was moved from Salinas Valley State Prison ("SVSP") to Soledad Correctional Training Facility ("CTF"), for his protection. Dkt. No. 1 ¶¶ 11, 14. On August 27, 2024, CTF's Ad-Seg Committee decided to transfer Plaintiff to RJD. *Id.* ¶ 15. Plaintiff requested to be placed in a bus cage due to safety concerns if placed with general population during the transport. *Id.* ¶ 17. The complaint sets forth the following claims:

1. **Claim One: "violation of the 8th Amendment retaliatory deliberate indifference to plaintiff voice safety concern and failure to protect; [CDCR, all John Does and C/O Orosco]"**

On October 1, 2024, when Plaintiff was taken to CTF's "R&R" for transfer processing, he informed the two R&R officers and sergeant that he needed to be separated from other inmates during transfer because Sureño gang members threatened to kill him after learning he was a snitch. *Id.* ¶ 18. However, the three John Doe officers laughed and told Plaintiff to "man up fool. You can snitch on staff you can be brave enough to defend yoursel[f], now you need our help." *Id.* ¶ 19. When he repeated his request two hours later, the officers said, "pussy snitch" loud enough to the other inmates could hear. *Id.* ¶ 20. When the bus arrived, Plaintiff repeated his safety concerns to the officers as well as

2

Officer Orosco during the body search, but they again expressed scorn and continued to call him a snitch. *Id.* ¶¶ 22-23. They placed him on a seat surrounded by active Sureño gang members and told him to "enjoy the ride." *Id.* ¶ 25. After Defendants locked the doors, three inmates slipped out of their handcuffs and started beating Plaintiff. *Id.* ¶ 26. Although Plaintiff yelled for help, Defendants watched for about 8 to 10 minutes while he was "beaten unconscious." *Id.* Then they picked him up and sat him on the bus bench, secured the other inmates in handcuffs, and denied Plaintiff medical attention. *Id.* ¶ 27. Plaintiff claims their conduct constitutes retaliation and deliberate indifference to his safety concerns. *Id.* ¶ 24.

Plaintiff's allegations are sufficient to state a failure to protect claim against Defendant Orosco and John Doe defendants. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identify of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F.Supp. 1172, 1180 (N.D. Cal. 1986). Here, it appears that Plaintiff may be able to identify the appropriate defendants by name through discovery. Therefore, Plaintiff shall be given an opportunity to identify John Doe Defendants through discovery and file a motion to amend to add their proper names to this action once this action proceeds to service of the action on any known defendant.

However, the allegations are insufficient to state a retaliation claim. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

3

exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Plaintiff's allegations fail to satisfy elements 2, 3, and 4 as there is no indication that the adverse action was taken *because of* Plaintiff's protected conduct and that it chilled the exercise of his First Amendment rights. Plaintiff shall be granted leave to amend to attempt to correct this deficiency if he can do so in good faith.

    2. **Claim Two: "violation of the 8th Amendment right to medical treatment and care and cruel and unusual punishment as retaliation; [John Doe 1 to 3 transportation officers]"**

Due to the assault by inmates, Plaintiff suffered a broken nose, cut eyebrows, bruised ribs, and open cuts on his head that were bleeding; he was in severe pain, disoriented and confused. Dkt. No. 1 ¶ 30. When he requested medical attention, transportation Defendants refused: "the bus schedule does not allow it." *Id.* When Plaintiff also asked for water and pain medication, defendants just laughed. *Id.* ¶ 31. Plaintiff believes he passed out 2 to 3 times from the pain. *Id.* The bus appeared to have made a stop at the California Institution for Men ("CIM") where Plaintiff claims he was again denied medical treatment; however, the nurse at R&R did document the injuries. *Id.* ¶ 32. Plaintiff claims Defendants "to be malicious, to inflict retaliatory pain and without penological justification den[ied] the plaintiff medical treatment and allow[ed him] to suffer severe pain" which constitutes cruel and unusual punishment. *Id.* ¶ 33.

Plaintiff's allegations are sufficient to state an Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Orosco and John Doe defendants who were involved in the transport. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

For the same reasons as the retaliation claim under Claim One was insufficient, Plaintiff's retaliation claim here is also insufficient as he fails to satisfy all five essential elements under *Rhodes*, 408 F.3d at 567-68. Furthermore, if Plaintiff is able to amend to

state a retaliation claim under Claim One, then it may follow that Defendants' adverse actions at CIM are part of the same retaliatory conduct.  Accordingly, Plaintiff need only amend to state a single retaliation claim against Defendants.

### 3. Claim Three: "violation of 1st Amendment Right and 8th Amendment right retaliation for exercising a constitutional right; [all Defendants]"

Plaintiff claims CDCR was aware that Plaintiff had been transferred to CTF for safety concerns against his life by both staff and inmates.  Dkt. No. 1 ¶ 35.  Plaintiff claims Defendants retaliated because he exercised his right to file a complaint under the First Amendment.  *Id.* ¶ 36.  He also alleges that Defendants lost his property as part of their retaliation.  *Id.* ¶ 37.  Furthermore, Plaintiff claims Defendants called him a snitch in front of inmates for the sole intent and purpose of placing his life and safety in danger.  *Id.* ¶ 38.  He asserts that Defendants' failure to protect, deliberate indifference to safety, and denial of medical care was also in retaliation.  *Id.* ¶ 39.  On January 12, 2025, Officer Orosco and an unnamed sergeant came to Plaintiff at the Facility C – RJD Yard, and gave him his grievance response, and said, "see we could still touch you."  *Id.* ¶ 40.  Plaintiff claims he wrote to SVSP, CTF, the RJD Warden, and appeals coordinator for help identifying defendants, but they refused to help.  *Id.* ¶ 41.

These allegations regarding failure to protect and deliberate indifference to safety and medical care are duplicative of the claims under One and Two.  Furthermore, Plaintiff cannot hold the CDCR liable for unconstitutional acts of its employes under a theory of respondeat superior.  *See Board of Cty. Comm'rs. Of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997).  Nor has Plaintiff alleged that a policy was the driving force behind the constitutional violation to implicate municipality liability under *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).  Lastly, the Court has no jurisdiction over events that took place at RJD, which lies within the jurisdiction of the Southern District of California.  28 U.S.C. § 84(a), (d).  Accordingly, any claims regarding events and Defendants at RJD shall be dismissed without prejudice to filing in the Southern District of California,

5

including claims against Warden J. Lewis of RJD.  *See, e.g.,* Dkt. No. 1 ¶ 42.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   All claims against Defendants based on events that took place at RJD are **DISMISSED without prejudice** to filing in a separate action in the Southern District of California.  Accordingly, Defendant J. Lewis shall be terminated from this action as there are no claims against him.

2.   The retaliation claim against Defendant Orosco and John Doe Defendants is **DISMISSED with leave to amend**.  Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint to correct the deficiencies described above.  The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 25-cv-01400 BLF (PR), and the words "FIRST AMENDED COMPLAINT" on the first page.  Plaintiff must answer all the questions on the form in order for the action to proceed.  Plaintiff is reminded that the amended complaint supersedes the original complaint, and Plaintiff may not make references to the original.  Claims not included in the amended complaint are no longer claims and defendants not named therein are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2.   **Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal with prejudice of the deficient claims identified above for failure to state a claim for relief.  This matter will then proceed on the following cognizable claims against Defendant Officer Orosco and John Doe Defendants: (1) failure to protect; and (2) deliberate indifference to serious medical needs.  Plaintiff shall be given an opportunity to identify John Doe Defendants through discovery.  All other Defendants will be dismissed from this action as there will be no remaining claims against them.**

3. The Clerk shall enclose two copies of the court's form complaint with a copy of this order.

**IT IS SO ORDERED.**

Dated:  _July 14, 2025_____

/s/ Beth Labson Freeman

BETH LABSON FREEMAN
United States District Judge

Order of Partial Dism. And w/LTA
PRO-SE\BLF\CR.25\01400Herrera-Ramos_dwlta