UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HERRERA-RAMOS,<br><br>    Plaintiff,<br><br>v.<br><br>CDCR, et al.,<br><br>    Defendants. | Case No. 25-cv-01400 BLF (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; GRANTING MOTION FOR SUBPOENAS; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**<br><br>(Docket No. 13) |

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the CDCR, Officer Orosco (a transportation officer), John Doe officers, and Warden J. Lewis at Richard J. Donovan Correctional Facility ("RJD") in San Diego, where he is currently confined. Dkt. No. 1 at 13-14. On July 14, 2025, the Court screened the complaint and dismissed it with leave to amend deficient claims. Dkt. No. 11. Plaintiff was advised that failure to file an amended complaint would result in the dismissal of the deficient claims and the matter would proceed on the cognizable claims. *Id.* at 6.

Plaintiff has filed a response, stating his desire to proceed with the cognizable claims and for the deficient claims to be dismissed without prejudice. Dkt. No. 14. Plaintiff also filed a motion for the Clerk to issue and serve subpoenas. Dkt. No. 13.

# DISCUSSION

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claims

In the screening order, the Court found the following cognizable claims:

**1. Claim One: "violation of the 8th Amendment retaliatory deliberate indifference to plaintiff voice safety concern and failure to protect; [CDCR, all John Does and C/O Orosco]"**

On October 1, 2024, when Plaintiff was taken to CTF's "R&R" for transfer processing, he informed the two R&R officers and sergeant that he needed to be separated from other inmates during transfer because Sureño gang members threatened to kill him after learning he was a snitch. *Id.* ¶ 18. However, the three John Doe officers laughed and told Plaintiff to "man up fool. You can snitch on staff you can be brave enough to defend yoursel[f], now you need our help." *Id.* ¶ 19. When he repeated his request two hours later, the officers said, "pussy snitch" loud enough to the other inmates could hear. *Id.* ¶ 20. When the bus arrived, Plaintiff repeated his safety concerns to the officers as well as Officer Orosco during the body search, but they again expressed scorn and continued to call him a snitch. *Id.* ¶¶ 22-23. They placed him on a seat surrounded by active Sureño gang members and told him to "enjoy the ride." *Id.* ¶ 25. After Defendants locked the doors, three inmates slipped out of their handcuffs and started

2

beating Plaintiff. *Id.* ¶ 26. Although Plaintiff yelled for help, Defendants watched for about 8 to 10 minutes while he was "beaten unconscious." *Id.* Then they picked him up and sat him on the bus bench, secured the other inmates in handcuffs, and denied Plaintiff medical attention. *Id.* ¶ 27. Plaintiff claims their conduct constitutes retaliation and deliberate indifference to his safety concerns. *Id.* ¶ 24.

Plaintiff's allegations are sufficient to state a failure to protect claim against Defendant Orosco and John Doe defendants. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identify of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F.Supp. 1172, 1180 (N.D. Cal. 1986). Here, it appears that Plaintiff may be able to identify the appropriate defendants by name through discovery. Therefore, Plaintiff shall be given an opportunity to identify John Doe Defendants through discovery and file a motion to amend to add their proper names to this action once this action proceeds to service of the action on any known defendant.

[¶]…[¶]

2. **Claim Two: "violation of the 8th Amendment right to medical treatment and care and cruel and unusual punishment as retaliation; [John Doe 1 to 3 transportation officers]"**

Due to the assault by inmates, Plaintiff suffered a broken nose, cut eyebrows, bruised ribs, and open cuts on his head that were bleeding; he was in severe pain, disoriented and confused. Dkt. No. 1 ¶ 30. When he requested medical attention, transportation Defendants refused: "the bus schedule does not allow it." *Id.* When Plaintiff also asked for water and pain medication, defendants just laughed. *Id.* ¶ 31. Plaintiff believes he passed out 2 to 3 times from the pain. *Id.* The bus appeared to have made a stop at the California Institution for Men ("CIM") where Plaintiff claims he was again denied medical treatment; however, the nurse at R&R did document the injuries. *Id.* ¶ 32. Plaintiff claims Defendants "to be malicious, to inflict retaliatory pain and without penological justification den[ied] the plaintiff medical treatment and allow[ed him] to suffer severe pain" which constitutes cruel and unusual punishment. *Id.* ¶ 33.

3

Plaintiff's allegations are sufficient to state an Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Orosco and John Doe defendants who were involved in the transport. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Dkt. No. 11 at 2-4. In accordance with Plaintiff's notice, all other claims shall be dismissed without prejudice from the complaint. Plaintiff may proceed with discovery and attempt to identify Doe Defendants so that he can file a motion to amend to substitute their names in the complaint in the time provided below. *See infra* at para. 9.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The is matter is proceeding on the claims for failure to protect and deliberate indifference to serious medical needs against Defendants Officer Orosco and John Doe Defendants. All other claims are DISMISSED without prejudice. The Clerk shall terminate all other defendants from this action as there remain no claims against them.

2. The following Defendants shall be served at the CDCR:

   a. **Correctional Officer Orosco (transportation unit bus driver)**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, Dkt. No. 1, the Court's initial screening order, Dkt. No. 11, this order of service, and a CDCR Report of E-Service Waiver form. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to

4

waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

   b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and

5

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. While conducting discovery, Plaintiff is directed to attempt to ascertain the name of John Doe Defendants and file a motion to substitute the complaint with these Defendants' proper names **no later than fifty-six (56) days** from the date this order is filed. Failure to do so will result in the dismissal of the claims against these John Doe Defendants for failure to state a claim for relief.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Extensions of time must be filed no later than the deadline sought to be

6

extended and must be accompanied by a showing of good cause.

12. Plaintiff's motion for subpoenas is **GRANTED**. Dkt. No. 13. Plaintiff is advised that he can serve a subpoena on a non-party, i.e., the CDCR. However, he must complete a proper subpoena form for the Clerk to serve. Accordingly, Plaintiff shall be provided with form subpoenas to complete and return to the Court. Plaintiff must repeat his request for the Clerk to issue the proposed subpoena and the Marshal to serve it. The Clerk shall include two blank subpoenas with a copy of this order to Plaintiff.

This order terminates Docket No. 13.

**IT IS SO ORDERED.**

Dated: __July 31, 2025_____

_/s/ Beth Labson Freeman_

BETH LABSON FREEMAN
United States District Judge

Order of Partial Dism. And of Svc
PRO-SE\BLF\CR.25\01400Herrera-Ramos_svc